UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Warren Hill, | ) | C/A No. 5:15-cv-04217-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Bryan Stirling; | ) | |
| Larry Cartledge; | ) | |
| South Carolina Department of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §
636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to
review all pretrial matters in such pro se cases and to submit findings and recommendations to
the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district
courts should review prisoner cases to determine whether they are subject to summary
dismissal).

I.    Factual Background

Warren Hill ("Plaintiff") is a prisoner currently incarcerated at Perry Correctional
Institution, part of the South Carolina Department of Corrections ("SCDC") prison system. In the
Complaint now under review, Plaintiff alleges Defendants are not following the deadlines for
responses to inmate grievances set by the SCDC inmate-grievance policy. Compl. 3, ECF No. 1.
Plaintiff alleges that he filed a Step 1 grievance on July 25, 2015 and did not receive a response
to that grievance within the 45 days the policy indicated. *Id*. According to Plaintiff, Defendants
claim that their responses are late because the system "was backed up." *Id*. Plaintiff asserts that
Defendants' failure to follow SCDC policy violates his "due process" rights, creates "cruel and
unusual punishment," and denies him "timely access to the court . . . ." *Id*. Plaintiff does not
allege that he has been prevented from filing a lawsuit or motion in court or that any lawsuit or

motion he did file was rejected because of the alleged late response to his inmate grievance. He seeks declaratory and injunctive relief. *Id*. at 4.

## II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## III.     Discussion

Plaintiff's allegations that Defendants are violating his constitutional by failing to adhere to provisions of a prison policy governing inmate grievances do not state any plausible due-process or Eighth-Amendment ("cruel and unusual punishment") claims in this court because the

"Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994). Thus, even assuming that Defendants violated the provisions of the SCDC grievance policy, such actions do not state a claim which is actionable under 42 U.S.C. § 1983.[1] *See Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993) (existence of a prison grievance procedure does not confer any substantive right upon inmates); *Brown v. Dodson,* 863 F. Supp. 284 (W.D. Va. 1994) (inmates do not have a constitutionally protected right to a grievance procedure); *Azeez v. DeRobertis,* 568 F. Supp. 8, 10 (N.D. Ill. 1982) (even when a state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights); *see also Shaw v. Hallman*, No. 9:14-cv-00741-RBH, 2015 WL 4661852, at *3 (D.S.C. Aug. 5, 2015). Furthermore, allegations that Defendants did not follow SCDC policies or procedures, standing alone, do not amount to constitutional violations. *See United States v. Caceres*, 440 U.S. 741, 753-54 (1978); *see also Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies that fail to reach the level of a constitutional violation are not actionable under § 1983).

Additionally, it is well established that to state a claim for denial of meaningful access to the courts an inmate must allege specific injury resulting from the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 349-52 (1996). The Fourth Circuit has held that a complaint asserting a denial of

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this court's subject-matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

access to courts must contain specific allegations as to the actual injury sustained. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993). As stated previously, the Complaint under review does not provide factual allegations that indicate any hindrance with filing a civil action in this court, much less an "actual injury." As a result, Plaintiff's allegations also fail to state a plausible First-Amendment access-to-court claim.

Finally, because no plausible federal claim is stated, there is no jurisdictional basis on which this court could consider any state-law-based claims against Defendants that might be stated by Plaintiff's allegations. Specifically, this court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

IV.    Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

October 29, 2015                                          Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).